# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **LARRY FELDER, Individually and For Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**QED INTERNATIONAL, LLC.**<br><br>**Defendant.** | Case No. 4:18-cv-4081<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COMPLAINT

### SUMMARY

1. QED International, LLC (QEDI) failed to pay Larry Felder (Felder), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, QEDI pays Felder, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Felder brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because QEDI is headquartered in this district and division.

### THE PARTIES

6. Felder is an hourly employee of QEDI. His written consent is attached as Exhibit A.

7. QEDI is headquartered in Houston, Texas. It may be served with process by serving its registered agent: United Agent Group, Inc. at 2425 W. Loop South, Suite 200, Houston, Texas 77002.

## COVERAGE UNDER THE FLSA

8. At all times hereinafter mentioned, QEDI was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, QEDI was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all relevant times, QEDI was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because QEDI is an engineering firm providing design, consulting, construction and management services throughout this country. Specifically, QEDI was responsible for maintenance of the nuclear waste treatment facility at issue.

11. At all relevant times, QEDI had an annual gross volume of sales made in excess of $1,000,000.00.

12. At all times hereinafter mentioned, Felder and the Putative Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

13. Felder was an hourly employee of QEDI.

14. Felder was a Commissioning Manager for QEDI.

15. QEDI paid Felder by the hour.

16. QEDI paid Felder $90 per hour.

17. QEDI did not guarantee Felder a salary.

18. Felder reports the hours he works to QEDI on a regular basis.

19. If Felder worked fewer than 40 hours in a week, he was only paid only for the hours he worked.

20. Felder regularly worked more than 40 hours in a week.

21. The hours Felder works are reflected in QEDI's records.

22. QEDI paid Felder at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

23. Rather than receiving time and half as required by the FLSA, Felder only received "straight time" pay for overtime hours worked.

24. This "straight time for overtime" payment scheme violates the FLSA.

25. QEDI was aware of the overtime requirements of the FLSA.

26. QEDI nonetheless failed to pay certain hourly employees, such as Felder, overtime.

27. QEDI's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

28. QEDI's illegal "straight time for overtime" policy extends beyond Felder.

29. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *McDonald v. Ricardo's On The Beach, Inc.,* No. CV 11-9366(MRWx), 2013 WL 228334 (C.D. Cal. Jan. 22, 2013) (certifying "straight time for overtime" claim for collective treatment); *Bursell v. Tommy's Seafood Steakhouse*, No. CIV. A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV. A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

30. QEDI has paid and pays hundreds of hourly workers using the same unlawful scheme.

31. Any differences in job duties do not detract from the fact that these hourly workers are entitled to overtime pay.

32. The workers impacted by QEDI's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All hourly employees of QEDI who were, at any point in the past 3 years, paid "straight time for overtime." (the "Putative Class Members")**

## CAUSE OF ACTION

33. By failing to pay Felder and the Putative Class Members overtime at one-and-one-half times their regular rates, QEDI violated the FLSA's overtime provisions.

34. QEDI owes Felder and the Putative Class Members the difference between the rate actually paid and the proper overtime rate.

35. Because QEDI knew, or showed reckless disregard for whether, its pay practices violated the FLSA, QEDI owes these wages for at least the past three years.

36. QEDI is liable to Felder and the Putative Class Members an amount equal to all unpaid overtime wages as liquidated damages.

37. Felder and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

38. Felder demands a jury.

## PRAYER

39. Felder prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

b. Judgment awarding Felder and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Felder and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
State Bar No. 24014780
**Andrew Dunlap**
State Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**