# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY FELDER, Individually and on Behalf of Those Similarly Situated, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-18-4081 |
| QED INTERNATIONAL, LLC, | § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are (1) a motion for conditional certification filed by plaintiff Larry Felder (Dkt. 17); and (2) an unopposed motion for leave to file a supplemental reply filed by Felder (Dkt. 27). The unopposed motion to file a supplemental reply (Dkt. 27) is GRANTED. After considering the motion, response, reply, supplemental reply filed at docket entry 27-1, and the applicable law, the court is of the opinion that the motion for conditional certification should be DENIED.

## I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case. Plaintiff Larry Felder worked for defendant QED International, LLC ("QEDI") as a Commissioning Manager. Dkt. 17. He contends that he and other similarly situated employees of QEDI regularly worked more the forty hours a week but were not guaranteed a salary. *Id.* He asserts that he and these other employees were misclassified as exempt. *Id.* He seeks preliminary certification of a class consisting of "[a]ll hourly employees of QEDI who were at any point in the past 3 years paid 'straight time for overtime.'" *Id.* He requests to send court-approved notice of this lawsuit to the putative class members. *Id.*

QEDI argues that Felder has not met his burden of showing that there are other individuals who are eligible to join this action who want to opt in. Dkt. 23. It asserts that Felder provides no declarations for other potential opt-in plaintiffs and instead merely provides his own declaration stating that he has spoken with former co-workers who were also paid straight time for overtime and that he knows there is a general interest from these employees in recovering back wages. *Id.* (citing Dkt. 17-3 (Felder's Declaration)). QEDI additionally argues that Felder fails to show that there is a factual nexus between himself and the putative class members to show they are similarly situated. *Id.* QEDI contends that Felder's declaration provides no details about his experiences, observations, and conversations that purportedly establish that he and other class members are similarly situated. *Id.*

While the motion for conditional certification was pending, Felder advised the court that the parties had a discovery dispute pursuant to the court's discovery dispute procedure. *See* Judge Gray H. Miller, Court Procedures, Procedure 6.C (Discovery and Scheduling Disputes/Pre-Motion Conferences). The court referred the dispute to the Magistrate Judge, who set a hearing for May 3, 2019. Dkt. 21. The dispute related to Felder's request that QEDI provide Felder with contact information for its employees for the past three years. *See* Dkt. 27-1. Felder sought this information so that he could find other employees who wanted to opt into the lawsuit. *Id.* QEDI did not want to provide information about employees who had not filed consents to join Felder's lawsuit. *Id.*

At the hearing, the Magistrate Judge ordered QEDI to turn over the last known contact information for three individuals who Felder identified at the hearing. Dkt. 25. Felder contends that the Magistrate Judge "appeared to believe that additional class discovery was unnecessary." Dkt. 27-1. After the hearing, QEDI was only able to provide contact information for two of the three people

Felder identified during the hearing, as there was no employee by the third name. *See id.* The two employees did not opt in, and Felder argues that he has been unable, "through no fault but time and memory, to find additional class members willing to join his action." *Id.* He requests that the court either not require a showing that there are other similarly situated employees who want to opt in or require QEDI to provide his requested discovery. *Id.*

This motion for conditional certification is now ripe for disposition.

## II. LEGAL STANDARD

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of forty hours per week. 29 U.S.C. § 207 (a) (2012). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. *Id.* § 216 (b). Section 216(b) also permits an employee to bring a collective action lawsuit against an employer on "behalf of himself . . . and other employees similarly situated." *Id.* Employees who wish to participate in a § 216(b) collective action must affirmatively "opt-in" to the action by filing a written consent with the court. *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23©); in a Rule 23 proceeding, persons within the class description are automatically considered class members and must "opt-out" of the suit if they do not wish to participate. *LaChapelle v. Owens–Ill., Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a collective action or grant notice in an FLSA collective action, but most federal courts (including this court) have adopted the *Lusardi* test. *Badgett v. Tex. Taco Cabana*, *L.P.*, No. H–05–3624, 2006 WL 2934265, at *1–2 (S.D. Tex. Oct. 12, 2006) (Miller, J.). Under the *Lusardi*

test, a district court engages in a two-step analysis to determine whether the potential plaintiffs are "similarly situated." *Id*. at *1.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Id.* At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to conditionally certify a collective action and give notice to potential class members. *See Mooney v. Aramco Servs*, 54 F.3d 1207, 1213 (5th Cir. 1995). At this stage, the court applies a "fairly lenient standard" because there is often minimal evidence available. *Id.* at 1214. Courts, in fact, "appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan." *Id.* (quoting *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). Thus, the notice stage analysis typically results in conditional certification of a representative class. *Badgett*, 2006 WL 2934265, at *1. After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney*, 54 F.3d at 1214.

The second stage—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the collective action to proceed. *Id.*

A "decision to certify, even if subject to correction at the decertification stage, is not without consequences" as "[t]oo much leniency at the notice stage can lead to a 'frivolous fishing expedition

conducted by the plaintiff at the employer's expense'" and "extreme leniency at the notice stage can result in conditional certification that must later be revoked at the eve of trial . . . when it becomes obvious that manageability concerns make collective action impossible." *Lang v. DirecTV, Inc.*, No. 10–1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (citations omitted). Therefore, while the notice stage standard is lenient, it is not automatic. *Badgett*, 2006 WL 2934265, at *2. The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id.* To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co.*, No. G–07–0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (Rosenthal, J.) (citing *Prater v. Commerce Equities Mgmt. Co.*, No. H–07–2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007) (Rosenthal, J.), and *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007) (Atlas, J.)).

## III. ANALYSIS

Here, the main issue presented is whether there is sufficient evidence that other similarly situated employees exist who want to opt into the lawsuit—the third prong of the conditional certification test. Felder provides a declaration in which he asserts that he "believe[s] that QEDI paid all hourly employees on this 'straight time for overtime' basis," and he bases this belief on his conversations with coworkers and his observations on location. Dkt. 17, Ex. C. He also asserts that his schedule and number of hours worked was "typical of all of QEDI's hourly employees," basing this belief on conversations with coworkers and observations while on location. *Id.* He states that

he "know[s] there is a general interest among the hourly employees in recovering back wages that [the employees] are entitled to through this collective action," based on his conversations with "several former co-workers," and he "believe[s] that other hourly employees would be interested to learn about their rights and their opportunity to join this lawsuit." *Id.*

QEDI contends that Felder's declaration is insufficient to meet the third prong of the conditional certification test. Dkt. 23. The court agrees with QEDI. Under this court's prior decisions, Felder's beliefs regarding other employees potentially wanting to join the lawsuit after they receive notice is an insufficient preliminary showing that others want to opt in to the lawsuit. *See, e.g.*, *Shaffer v. M-I, LLC*, No. H-14-2966, 2015 WL 7313415, at *4 (S.D. Tex. Nov. 18, 2015) (Miller, J.) (finding that "[o]ne valid consent to join, an inadequate consent to join, and [the plaintiff's] vague statement that others may exist [was] insufficient" for conditional certification).

Felder asserts that QEDI's argument that Felder's failure to offer declarations of other hourly employees who are interested in joining the suit "borders on the absurd" because QEDI has "blatant[ly] refus[ed] to produce even a single document or scrap of information regarding other putative class members." Dkt. 24. Felder argues that QEDI's "obstruction prevented him from obtaining additional evidence." Dkt. 27-1. Felder contends that the Magistrate Judge did not require QEDI to provide more contact information because the Magistrate Judge, along with some other judges in this district, does not require plaintiffs to demonstrate that other individuals want to opt in to the lawsuit when she conditionally certifies a class. *Id.* Thus, he contends that her position with regard to not requiring additional discovery in this case is "in keeping with her prior decisions." *Id.* He concedes that *this* court and other courts in this district *do* require a showing that others want to join the lawsuit, but he argues that the tension between this court's requirement and the Magistrate

Judge's "more lenient two-element conditional certification standard" caused him to be unable to obtain additional declarations. *Id.* He thus seeks conditional certification under the more lenient standard or, alternatively, identity discovery from QEDI. *Id.*

The court finds that the three-pronged approach it has consistently applied takes into account the competing interests the statute is designed to protect and therefore declines to apply the more lenient standard. Because Felder does not meet the third prong, the motion for conditional certification is DENIED.

The court now turns to Felder's alternative request for additional discovery. Felder points out that this court, in *Yoakum v. PBK Architects, Inc.*, No. H-10-00278, 2010 WL 4053956, at *6 (S.D. Tex. Oct. 14, 2010), allowed discovery regarding additional class members before denying a motion to conditionally certify due to failure to establish the third prong of the test. *Id.* In *Yoakum*, this court acknowledged the potential "putting the cart before the horse" problem with requiring a showing that other plaintiffs want to opt into the lawsuit. *Yoakum*, 2010 WL 4053956, at *6. It noted that in many cases the potential opt-in plaintiffs work side-by-side with the plaintiff and the plaintiff therefore has the ability to gauge interest in the lawsuit, but in *Yoakum* the plaintiff and his coworkers did not work at the same construction sites. *Id.* The court found that because the *Yoakum* plaintiff had no way of finding out if others were interested in joining the lawsuit, requiring that he meet the third prong without giving him access to other potential opt-in plaintiffs was "contrary to the broad remedial nature of the FLSA." *Id.* The court thus encouraged the parties to reach an agreement regarding the names and addresses of other similarly situated employees, and it denied the plaintiff's motion for conditional certification without prejudice, allowing resubmission if the plaintiff was later able to submit more persuasive information for the third prong. *Id.*

The instant case is different than *Yoakum*. Unlike the *Yoakum* plaintiff, who had no way of contacting other employees, Felder states that he spoke with other employees. However, Felder only notes that there was a "general interest" in recovering back wages, and a belief that the other employees would want to learn about their rights if given the opportunity to join the suit. Notwithstanding the possibility posited by Felder that the Magistrate Judge has a different philosophy regarding the necessity of the third prong of the conditional certification test than this court, the court finds that the Magistrate Judge appropriately balanced the interests of Felder and QEDI when she required QEDI to disclose contact information for the employees who Felder could identify. Accordingly, Felder's alternative request for additional discovery is DENIED. *Cf. Shaffer*, 2015 WL 7313415, at *4 (distinguishing the facts of *Yoakum* and finding that because the plaintiff admitted "that he had spoken with his coworkers about the collective action, yet he ha[d] only obtained one valid consent to join" that it was not "necessary to require precertification disclosure of contact information").

## IV. CONCLUSION

Felder's unopposed motion for leave to file a supplemental reply (Dkt. 27) is GRANTED. Felder's motion for conditional certification (Dkt. 17) is DENIED. Felder's alternative request for additional identity discovery (Dkt. 27-1) is DENIED.

Signed at Houston, Texas on July 10, 2019.

_____
Gray H. Miller
Senior United States District Judge