UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY FELDER, Individually and for Other Similarly Situated,** | § § § § § § § § § § § § § § | **CIVIL ACTION**<br><br>No. 4:18-cv-4081 |
| **Plaintiff,** | | |
| vs. | | |
| **QED INTERNATIONAL, LLC** | | |
| **Defendant.** | | |

## JOINT MOTION TO APPROVE SETTLEMENT (FILED UNDER SEAL)

Larry Felder ("Felder" or "Plaintiff") and QED International, LLC ("QEDI" or "Defendant"), (collectively, "the Parties") have reached a settlement with respect to this Fair Labor Standards Act ("FLSA") case. This settlement represents the culmination of over a year's worth of investigation, litigation, and negotiation. If approved, the settlement will provide meaningful relief to Plaintiff.

The Parties' proposed settlement is detailed in the attached Settlement Agreement for review and approval *in camera*. The Parties jointly request the Court approve the Settlement Agreement as a reasonable compromise in accordance with applicable law.

1. **Background.**

Plaintiff filed this FLSA action on October 26, 2018. *See* Doc. 1. Plaintiff alleged that QEDI failed to pay him and all other similarly situated individuals overtime as required by the FLSA. Specifically, Plaintiff argued that during the period covered by this case, QEDI paid these workers "straight time for overtime" with no overtime compensation. Plaintiff filed a motion for conditional certification and to facilitate notice pursuant to 29 U.S.C. § 216(b). *See* Doc. 17. QEDI opposed the

1

motion for conditional certification and notice to the potential collective. *See* Doc. 23. The Court, however, denied Plaintiff's motion for conditional certification and notice. *See* Doc. 28.

Discovery commenced and QEDI produced records showing the amounts paid to Plaintiff as well as the number of hours worked each week by Plaintiff. Thereafter, the Parties engaged in extensive settlement discussions. Ultimately, the Parties were able to reach a compromise with respect to the alleged FLSA claims after several months of informal settlement discussions. This settlement considers the Parties' disputes regarding liability and the inherent uncertainty regarding damages.

2. **The Settlement.**

As set forth in the attached Settlement Agreement (Exhibit A, filed under seal), the Parties reached a settlement on behalf of Plaintiff. The settlement provides Plaintiff with a substantial amount of his unpaid overtime to which he alleged he was entitled. The default statute of limitations for FLSA claims is two years. *See* 29 U.S.C. § 255(a). All of the total damages alleged to be owed to Plaintiff (as calculated by both Parties) occurred in the third-year for which Plaintiff bears the burden of showing a willful violation of the FLSA.

3. **The Settlement Represents a Reasonable Compromise of this Litigation.**

In determining whether the settlement is fair and reasonable, the Court should note that there is a "strong presumption in favor of finding a settlement fair.'" *Sarabia v. Spitzer Indus., Inc.*, No. 4:17-CV-2091, 2018 WL 6046327, at *3 (S.D. Tex. Nov. 19, 2018) (*citing Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008)). Similarly, "that th[e] settlement is the negotiated result of an adversarial proceeding in an indication of its fairness." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. Civ.A. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010). "The requirement of an adversarial posture between parties to a settlement agreement operates as a guarantee that employers cannot profit by coercing employees into waiving their rights, and then dressing that invalid waiver of the FLSA's protections as a valid settlement of a legal claim." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018

WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018) (*citing Sims v. Hous. Auth. City of El Paso*, No. EP-10-CV-109-KC, 2011 WL 3862194, at *6 (W.D. Tex. Sept. 1, 2011)). "An actual dispute over the amount of overtime compensation due to an employee is sufficient to create a bona fide dispute." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018). In addition, a dispute as to whether employees were "misclassified as exempt" from the FLSA's overtime requirements can create a bona fide dispute. *Id.* at *2.

Here, QEDI produced Plaintiff's pay and time records to Plaintiff through discovery. Notwithstanding, QEDI vigorously contends that documentary evidence, the nature of the relationship, and the duties of the position at issue establish beyond question that Plaintiff was an exempt employee under more than one exemption under the FLSA, thereby precluding any liability for unpaid overtime wages. Even if Plaintiff established that he was entitled to overtime, and QEDI failed to show Plaintiff as exempt, Plaintiff would still have to show that QEDI's alleged violation of the FLSA was willful. This requirement creates a "significant distinction between ordinary violations and willful violations[.]" *McLaughlin v. Richmond Shoe Co.*, 486 U.S. 128, 132 (1988). Mere negligence, even unreasonable conduct, will not suffice to show willfulness. *See Mohammadi v. Nwabuisi*, 605 F. App'x 329, 332 (5th Cir. 2015) ("failure to consult an attorney, without prior notice of alleged FLSA violations, does not constitute willfulness"); *see also Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349, 360 (5th Cir. 2015) (claims that the employer "knew of the FLSA's potential applicability, … failed adequately to research the statute's applicability; failed to consult with attorneys or the DOL on the matter … do not suffice to demonstrate willfulness."). Failing to show willfulness would have been devastating to Plaintiff's FLSA claims because, even if it was determined that QEDI violated the FLSA (which QEDI vigorously denies), if Plaintiff is unable to show willfulness, he would be barred from recovering any damages as all of his damages were in the third year.

In short, the Parties, both of whom are represented by experienced wage-and-hour attorneys with years of experience in litigating and resolving disputes such as this, find the Settlement Agreement to be a reasonable compromise considering the procedural posture of the case, the litigation risks, and the costs applicable to both sides. The Parties have engaged in arm's-length settlement negotiations involving months of informal settlement discussions. Because the Settlement Agreement is a reasonable compromise and adequately compensates Plaintiff for the unpaid time alleged, the Parties seek entry of the enclosed Agreed Order of Approval.

4. **Conclusion.**

For these reasons, the Parties respectfully request the Court approve the attached Settlement Agreement as a "reasonable compromise" of this dispute.

Respectfully submitted, this 22nd day of April 2020.

/s/ *Bryan Edward Bowdler*
Samuel Zurik III (TX Bar 24044397)
S. Mark Klyza (*Pro Hac Vice*)
Bryan Edward Bowdler (*Pro Hac Vice*)
THE KULLMAN FIRM, P.L.C.
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
sz@kullmanlaw.com
smk@kullmanlaw.com
beb@kullmanlaw.com

**ATTORNEYS FOR DEFENDANT QED INTERNATIONAL, LLC**

/s/ *William Liles*
Michael A. Josephson (TX Bar 24014780)
William Liles (TX Bar 24083395)
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, TX 77046

Telephone: (713) 352-1100
Facsimile: (713) 352-3300
mjosephson@mybackwages.com
wliles@mybackwages.com

-and-

Richard J. (Rex) Burch (TX Bar 24001807)
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF LARRY FELDER**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/Bryan Edward Bowdler*
Bryan Edward Bowdler
